## ARNOLD v. PRODUCERS' OIL CO.
### (No. 8634.)

(Court of Civil Appeals of Texas. Ft. Worth. April 28, 1917.)

1. MINES AND MINERALS ☞77—OIL LEASE—BREACH.

Where a lease of land provided that the lessee was to sink three oil wells, to certain depth unless oil should be found in paying quantities at a less depth, and that the lessee could abandon any part of the land to the lessor, whereupon he would have the right to lease the lands so abandoned to others, the act of the lessee in representing to plaintiff that no oil was found and in executing a release was not a breach of the lease contract in the absence of a showing that lessor has been deprived of any part of his land or any oil, gas, or other minerals issuing therefrom, or that by alleged false statements of the lessee's agent the lessor was deprived of an opportunity to sell his land advantageously.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 204.]

2. LIBEL AND SLANDER ☞130—SLANDER OF TITLE—ELEMENTS OF CAUSE OF ACTION.

A lessor of oil lands had no cause of action for slander of title to the property or slander of the character of the property because of statements made by the lessee's agent that the well drilled on the land contained no oil in paying quantities, in the absence of a showing that such statement was made to or in the hearing of third persons.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 386.]

Appeal from District Court, Clay County; Wm. N. Bonner, Judge.

Action by R. F. Arnold against the Producers' Oil Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Wantland & Parrish and Taylor, Allen & Taylor, all of Henrietta, for appellant. Kay & Akin, of Wichita Falls, for appellee.

BUCK, J. Suit was brought January 31, 1916, by appellant against the appellee, a corporation, for damages in the sum of $148,700, and for cause of action the plaintiff alleged that he was, on September 29, 1911, the owner of 1,487 acres of land in Young county, and on said date plaintiff and defendant entered into a certain written contract whereby, in consideration of the payment by defendant of $20 in cash, and the promise to pay royalties on all oil found upon the premises, plaintiff leased to defendant said land, and defendant undertook to develop

said land for oil, gas, or other minerals; that defendant sunk a well on said land to a depth of 2,171 feet, and thereupon ceased operations; that at some depth unknown to plaintiff a large amount of oil, to wit, oil in paying quantities, and, if not in paying quantities, then oil in such quantity as to materially increase the value of said land for oil purposes, was found by defendant; that defendant, for the purpose of deceiving plaintiff and of hiding the value of such well, and for the purpose of defrauding plaintiff out of royalties and incomes which would arise to plaintiff from such well, if developed as provided in said written contract, willfully, knowingly, and maliciously packed and plugged said well and reported to plaintiff that no oil had been found. It was further alleged that said asserted false report was made by defendant for the purpose of securing leases on other lands near by and adjacent to plaintiff's land, and to reap the benefit therefrom. It was further alleged that plaintiff did not discover said asserted fraud until after he had accepted from defendant a release of the oil lease theretofore executed by plaintiff to defendant, and that he (plaintiff) did not discover said alleged fraud on the part of defendant until September 1, 1915, on which date plaintiff for the first time discovered that the representations made by defendant and its agents were false, and discovered for the first time that defendant had in fact struck oil in said well; that he had no means of discovering the fraud alleged to have been perpetrated upon him by the defendant before said time. The last plea was in a supplemental petition and by way of answer to defendant's plea of the two-year statute of limitation.

The cause was tried before a jury, and upon the conclusion of the evidence the court instructed a verdict for defendant, and upon the return of the verdict rendered a judgment for the defendant. From this judgment the plaintiff has appealed.

[1] We confess we have been at some loss to determine just what was the character of the suit intended by plaintiff, whether for breach of the lease contract or for alleged slander of plaintiff's land, but, taking either view of the matter we conclude that the court did not err in instructing a verdict and rendering a judgment for defendant. By the terms of the lease contract appellee was to sink three wells on appellant's land, each of said wells to be bored to a depth of 2,000 feet unless oil or gas should be found in paying quantities at a less depth. It was further provided that the grantee should have the right to abandon any part of said lands cov-

ered by the lease, and should execute a release for such land abandoned to grantor, and that thereupon the grantor should have the right to lease such land so abandoned to other parties. The evidence fails to show that appellant has been deprived of any part of his land, or of any oil or gas or other mineral issuing therefrom, and there is neither allegation, in the way of special damages, nor proof that by reason of the alleged false statement of appellee's agent appellant was deprived of any opportunity to sell his land advantageously and at a better price than it would have brought at the time of trial, or at the time of filing of the suit. So far as the record discloses, appellant still has his land and all the minerals which existed therein at the time of the making of the lease contract, or at the time of the making of the alleged false statement. Hence we conclude that no breach by defendant of the lease contract was shown, and that appellant was not authorized, either by the pleading or by the evidence, to recover damages by reason of any failure of appellee to comply with the terms of said lease contract.

[2] If the plaintiff below sought to cast his action as for slander of title to property, he fails to allege or prove one essential element of slander and libel, to wit, the publication of the alleged libelous words. It is elementary that words reflecting on the character of a person or the title of a thing must be published before they become actionable as for slander or libel. Plaintiff does not allege that the defendant's agent or agents stated to, or in the hearing of, third persons, that the well drilled contained no oil in paying quantities, or was a "duster," nor does the evidence show such to be the case. Plaintiff below testified that Mr. Prather, who was supervising the drilling as a representative of the defendant corporation, told him: "We are going to quit; there ain't nothing in it." He also testified that he thought the driller also informed him that they had not struck oil. The evidence further fails to show that oil discovered in September, 1915, on the surface of the water flowing out of the abandoned well was in paying quantities. Hence we conclude that we cannot disturb the judgment on the theory that plaintiff's cause of action as pleaded was for slander of title to the property, or of slander of the character of the property, if there be such a cause of action included within the common-law action of slander of title. Therefore we conclude that the trial court did not err in instructing a verdict.

All assignments of error are overruled, and the judgment is affirmed.

Affirmed.